**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cr-20520-ALTMAN**

**UNITED STATES OF AMERICA**,

*v.*

**JUAN RINCON PUELLO**,

　　*Defendant.*
_____/

**ORDER DENYING MOTION**

　　Our Defendant, Juan Rincon Puello, has filed a second Motion for Modification of Term of Imprisonment (the "Motion") [ECF No. 108]. After careful review, we **DENY** the Motion.

　　The Defendant pled guilty to one count of "conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b)." Plea Agreement as to Juan Rincon Puello [ECF No. 25] ¶ 1. On August 19, 2022, the Court sentenced him to 96 months in prison. *See* Judgment as to Juan Rincon Puello [ECF No. 58] at 1–2. The Defendant is currently "serving his sentence at FCI Coleman Low, with an anticipated release date of January 13, 2028." Government's Response in Opposition to Defendant's Motion for Modification of Term of Imprisonment (the "Gov. Resp.") [ECF No. 110] at 3.

　　On January 12, 2024, the Defendant filed his *first* Motion to Modify the Term of Imprisonment (the "First Motion") [ECF No. 91] under 18 U.S.C. § 3582(c)(2). *See generally* First Motion. In his First Motion, the Defendant asked us to reduce his sentence under Amendment 821 of the U.S. Sentencing Guidelines because the "Defendant's offense did not involve any of the specific aggravating factors set forth in the guidelines that would disqualify an individual from receiving a two-level decree as a 'zero point offender' if [the Defendant] were sentenced today." *Id.* at 2. The Government agreed. *See*

United States' Response to the Defendant's Motion for Reduction of Sentence [ECF No. 93] at 5 ("The [D]efendant is eligible for a sentence reduction pursuant to Amendment 821, [the] 'zero-point offender' amendment."). We therefore granted the Defendant's First Motion and reduced the Defendant's overall sentence to 87 months in prison. *See* First Order Reducing Sentence [ECF No. 97].

On October 22, 2024, the Defendant then moved to reduce his sentence—this time under 18 U.S.C. § 3582(c)(1)(A). *See* Motion for Sentence Reduction [ECF No. 102] ("The Defendant . . . respectfully submit[s] this Motion . . . pursuant to . . . 18 U.S.C. § 3582(c)(1)(A)."). We denied that motion because "the Defendant didn't exhaust his administrative remedies *before* he filed his Motion," Order Denying Motion for Sentence Reduction [ECF No. 105] at 3, and because he hadn't "identified any 'extraordinary and compelling reasons' for us" to reduce his sentence, *id.* at 4 (quoting § 3582(c)(1)(A)).

On November 25, 2025, the Defendant filed his *third* Motion for Modification of Term of Imprisonment. *See generally* Motion. This time, the Defendant asks us "to make a determination whether a reduction is warrant[ed] for [his] minor role." *Id.* at 3. The Defendant also seeks to "invoke[] [his] Sixth Amendment right to counsel." *Id.* at 4. The Government opposes the Motion, arguing that "the 2025 U.S.S.G. amendments are not retroactive; [as] none are included as a covered amendment under the policy statement." *Id.* at 3. Although the Motion never explicitly says so, we understand the Defendant to be arguing that U.S. Sentencing Guideline Amendment 833 justifies a retroactive downward departure. The Government interpreted the Motion this way, too. *See ibid.* ("[The Defendant's] motion seemingly refers to the 2025 two-part amendment on the operation of Section 2D1.1 . . . Part A, Subpart 1 of this amendment revises the mitigating role cap provisions in Section 2D1.1 drug trafficking offense to set a cap of either 32 or 30 depending on the role adjustment received under Section 3B1.2. (internal citations omitted)).

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is *consistent with applicable policy statements* issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 833, effective as of November 1, 2025, provides a decrease of two levels from the applicable offense level for defendants who are considered a "minor participant in any criminal activity." U.S.S.G. § 3B1.2; *see also* U.S.S.G. § 3B1.2 commentary notes ("Subsection (b) applies to a defendant . . . who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."). For two reasons, we deny the Motion.

*First*, Amendment 833 does not apply retroactively, and a sentence reduction under that amendment is therefore inconsistent with the applicable Sentencing Commission policy statements. The Defendant says that "the United States Sentencing Commission voted to make retroactive a (2 point reduction) for a 'minor role.'" Motion at 1. But that's not right. Under 18 U.S.C. § 3582(c)(2), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized . . . if none of the amendments listed in subsection (d) are applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). In other words, *only* amendments listed in subsection (d) are eligible for a retroactive sentence reduction. And, unfortunately for the Defendant, Amendment 833 is not listed in subsection (d). *See* U.S.S.G. § 1B1.10(d) ("Amendments covered by this policy statement are[:] 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 . . . 782 [,] . . . and 821[.]"); *see also United States v. Leones*, 2025 WL 3537608, at *2 (M.D. Fla. Dec. 10, 2025) (Honeywell,

3

J.) ("Because Amendment 833 is not a 'Covered Amendment' under this policy statement, the Court may not retroactively apply it to a defendant who is serving a term of imprisonment in order to reduce his sentence under 18 U.S.C. § 3582(c)(2)."); *Armstrong*, 347 F.3d at 909 (establishing a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10[d]").

*Second*, even if the Amendment were retroactive, we agree with the Government that the Defendant "is not entitled to relief" on the merits. Gov. Resp. at 4. Both the facts of this case and the law in our Circuit do not support the Defendant's contention that he played only a "minor role" here. "The burden of establishing a minor role in the offense rests with the proponent." *United States v. De Varon*, 175 F.3d 930, 946 (11th Cir. 1999). The Eleventh Circuit has "set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and (2) the defendant's role as compared to that of other participants in his relevant conduct." *United States v. Galindo-Perez*, 322 F. App'x 743, 745 (11th Cir. 2009) (citing *De Varon*, 175 F.3d at 940). "Also, in the drug courier context, a large amount of drugs is an important factor in determining the availability of a minor role reduction." *Ibid.* (citing *De Varon*, 175 F.3d at 940).

The Defendant tells us nothing to support his view that he played a "minor role" here.[1] And that's consistent with what happened at the sentencing hearing, where the Defendant *withdrew* his "minor role" objection. *See* Sentencing Hearing Transcript [ECF No. 83] at 15:17–18 ("[W]e are going to withdraw the minor role objection."). And, even if the Defendant hadn't withdrawn that objection,

---

[1] While "we liberally construe *pro se* pleadings, *pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Garnett v. Morshedian*, 2023 WL 8644624, at *1 (S.D. Fla. Dec. 14, 2023) (Altman, J.) (quoting *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015))." "*Pro se* litigants cannot 'simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled.'" *Ibid.* (quoting *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up)).

we would have overruled it. "When a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *De Varon*, 175 F.3d at 942–43. The Defendant "was one of only two people aboard a go-fast vessel on the high seas." Gov. Resp. at 4 (citing the Pre-Sentencing Investigation (the "PSI") ¶ 10). "Law enforcement seized 18 bales of cocaine, weighing about 414 kilograms from the [ ] vessel." *Ibid.* (citing PSI ¶ 12). Because "neither [the Defendant] nor his co-defendant admitted to being the operator of the vessel[,]" *ibid.* (citing PSI ¶ 12), we agree with the Government that "neither [the Defendant] nor his co-defendant [are] more culpable than the other," *ibid.* (citing PSI ¶ 13); *see also United States v. Cueto-Sanchez*, 2025 WL 2720794, at *1, *5 (affirming the district court's finding that two defendants were "equally culpable" in their "convictions for conspiracy to possess with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States"). Given the Defendant's role in the relevant conduct, the similar level of culpability between the Defendant and his co-defendant, and the amount of drugs involved, the Defendant simply isn't entitled to a minor-role reduction.

\*\*\*

We therefore **ORDER AND ADJUDGE** that the Defendant's Motion for Modification of Term of Imprisonment [ECF No. 108] is **DENIED**. We also **DENY** the Defendant's invocation of his "Sixth Amendment" right to counsel. *See Leones*, 2025 WL 3537608, at *2 ("The Eleventh Circuit has held there is no constitutional or statutory right to counsel for a § 3582(c)(2) motion." (citing *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009)).

**DONE AND ORDERED** in the Southern District of Florida on January 30, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Juan Rincon Puello, *pro se*